UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                    Chapter 11
Buckskin Realty Inc.,                                          Case No. 1-13-40083-nhl

                      Debtor.
-----------------------------------------------------------X
Buckskin Realty Inc.,
                      Plaintiff,

v.

Mark D. Greenberg, an individual,
Greenberg and Greenberg, a partnership,
                                           Adv. Pro. No.1-15-01203-nhl

                      Defendants.
-----------------------------------------------------------X

## <u>CORRECTED DECISION ON MOTION TO DISMISS</u>

<u>Appearances</u>:

Frederick Cains                                        Izabell Lemkhen
430 East 86th Street                                Benjamin Michael Oxenburg
New York, NY 10028                              Furman Kornfeld & Brennan LLP
*Attorney for Plaintiff*                             61 Broadway
                                    26th Floor
                                    New York, NY 10006
                                    *Attorneys for Defendants*

HONORABLE NANCY HERSHEY LORD
UNITED STATES BANKRUPTCY JUDGE

Buckskin Realty, Inc., debtor and debtor-in-possession and plaintiff herein ("Buckskin"), commenced this adversary proceeding against Greenberg & Greenberg PC and attorney Mark D. Greenberg, Buckskin's former counsel (together, "Greenberg" or "Defendants"). The gravamen of Buckskin's complaint (the "Complaint"), which consists of five causes of action, is that Greenberg committed legal malpractice after Buckskin retained them to vacate a foreclosure judgment that the Windmont Homeowners Association (the "WHA") obtained against Buckskin in September 2012. Buckskin alleges that Greenberg failed to make various arguments that, according to Buckskin, would have caused the state court to vacate the default judgment and dismiss the foreclosure action. Greenberg moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7012(b).[1] For the reasons set forth below, the Court grants Greenberg's motion to dismiss the Complaint.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). This following are the Court's findings of fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

## BACKGROUND

Buckskin is a corporation that previously owned two unimproved five-acre lots (the "Lots") in Windmont, a gated community in Windham, New York. Compl., ECF No. 1; Mem. in

---

[1] All references to "CPLR" are to the New York Civil Practice Law and Rules. All other statutory references are to 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code" or "Code"). All references to "Rules" are to the Federal Rules of Civil Procedure and all references to the "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise noted.

Supp. of Mot. to Dismiss, ECF No. 17.[2] Sometime before 2002, Buckskin and the WHA entered into a contract known as the Declaration of Covenants (the "Declaration"), which required members of the WHA, including Buckskin, to pay common charge assessments. Compl., ECF No. 1; Mem. in Supp. of Mot. to Dismiss, ECF No. 17. In 2011, the WHA filed several notices of lien (the "NOLs") against Buckskin based on its failure to pay common charge assessments on the Lots. Compl., ECF No. 1.

In August 2011, the WHA filed a foreclosure action against Buckskin in New York Supreme Court, Greene County (the "State Court"), seeking to foreclose on the NOLs. Mem. in Supp. of Mot. to Dismiss, ECF No. 17. Buckskin failed to answer or otherwise respond to the complaint, and the WHA moved for a default judgment and order of reference. *See* Nov. 29 Decision & Order ("11/29 Decision and Order"), ECF No. 18-4. The only purported opposition to the motion came from Buckskin's principal, Rey Olsen ("Olsen"), who filed an untimely cross-motion as a "successor in interest" and attempted to intervene in his personal capacity. *Id.* The State Court determined that Olsen's submissions were defective, that his claims and defenses were actually on behalf of Buckskin, and that, not being an attorney, Olsen could not represent a corporate entity. May 31, 2012 Decision & Order ("5/31 Decision and Order"), ECF No. 18-1. The State Court further determined that, procedural issues aside, "nothing in Olsen's submissions demonstrate[d] a reasonable excuse for Buckskin's default" and that "Olsen acknowledge[d] being aware of this litigation 'immediately' after Buckskin was served." *Id.* Accordingly, the State Court entered a default judgment against Buckskin on May 31, 2012, followed by a judgment of foreclosure and sale on September 28, 2012. J. of Foreclosure & Sale, ECF No. 18-24.

---

[2] Citations to "ECF" are to documents filed on the docket of this proceeding, identified by docket number.

Buckskin retained Greenberg on September 13, 2012—three-and-a-half months after the entry of default judgment—to represent it in the foreclosure action. Compl., ECF No. 1; Mem. in Supp. of Mot. to Dismiss, ECF No. 17. On October 16, 2012, Greenberg filed a motion to vacate and/or dismiss the complaint in the underlying foreclosure action (the "Motion to Vacate"), which the State Court denied in its 11/29 Decision and Order. J. of Foreclosure & Sale, ECF No. 18-24. In the 11/29 Decision and Order, the State Court concluded that: collateral estoppel prevented Buckskin from relitigating whether it had a reasonable excuse for its default; Buckskin still had not shown a reasonable excuse for its initial default; and Buckskin "showed a concerted lack of attention" to the action and only took steps to defend itself after the plaintiff moved for a default judgment. 11/29 Decision & Order, ECF No. 18-4. It further noted that Greenberg had not been retained until a week after Buckskin's answer to the motion for entry of judgment was due, and that Olsen failed to demonstrate good cause for the delay. *Id.* The State Court denied the Motion to Vacate in its entirety. *Id.*

Greenberg filed a notice of appeal of the decision denying the Motion to Vacate on December 27, 2012. Compl., ECF No. 1. Buckskin did not further pursue the appeal in the State Court, nor has it moved in this Court for relief from stay to prosecute an appeal. Reply Mem. in Further Supp. of Mot. to Dismiss, ECF No. 35. On January 3, 2013, Greenberg and Buckskin, through Olsen, executed a consent to change attorney, by which John Kingsley, Esq. replaced Greenberg as Buckskin's counsel. Mem. in Supp. of Mot. to Dismiss, ECF No. 17; Consent to Change Attny., ECF No. 18-7. That same day, Greenberg provided Buckskin with a final accounting for its services and a refund of the unused retainer. Compl., ECF No. 1.

Buckskin's Complaint sets forth five causes of action, which allege that Greenberg committed various acts of legal malpractice. The first three causes of action seek damages of

$600,000 plus pre-judgment interest, the fourth seeks treble damages of $1.8 million plus pre-judgment interest, and the fifth seeks an accounting and disgorgement of all fees, plus pre-judgment interest, paid to Greenberg.

## PROCEDURAL HISTORY

Buckskin filed a voluntary chapter 11 bankruptcy petition on January 8, 2013, some hours after the sale of the Lots. Compl., ECF No. 1. Buckskin attempted to have its bankruptcy petition deemed filed before the sale, but this Court denied its request. *See In re Buckskin Realty, Inc.*, 525 B.R. 4 (Bankr. E.D.N.Y. 2015). In January 2015, Buckskin commenced an adversary proceeding against the WHA and other defendants which sought, primarily, vacatur of the foreclosure judgment and sale. This Court declined to vacate the judgment and sale and dismissed all parts of the complaint except for Buckskin's preference claim under 11 U.S.C. § 547. *See In re Buckskin Realty, Inc.*, Adv. Pro. No. 15-01004, 2016 WL 5360750 (Bankr. E.D.N.Y. Sept. 23, 2016).

Buckskin filed the instant adversary proceeding on December 26, 2015. After Greenberg failed to timely respond to the complaint, Buckskin filed a motion for default judgment against Greenberg, but this Court determined that granting the motion would not serve the interests of justice.[3] Order Den. Mot., ECF 22. Thereafter, Buckskin moved in the District Court for leave to appeal this Court's interlocutory order denying its motion for default judgment. The District Court denied Buckskin leave to appeal that order. *See Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40 (E.D.N.Y. 2016).

---

[3] As outlined in the order denying Buckskin's motion for default judgment, Greenberg had recently retained counsel and asked Buckskin for an extension of time to answer on the day before Greenberg's answer was due. Buckskin did not provide an answer until two days later, stating that it would not submit to an extension unless Greenberg presented a "meritorious defense." Order Den. Mot., ECF No. 22.

## LEGAL STANDARD

Under Rule 12(b)(6), a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Complainants must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion, the court may consider the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and matters subject to judicial notice. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991). The court may also "consider documents incorporated by reference in the complaint and documents upon which a complaint relies heavily." *In re Citigroup ERISA Litig.*, 662 F.3d 128, 136 (2d Cir. 2011), *abrogated on other grounds by Fifth Third Bancorp. v. Dudenhoeffer*, 134 S. Ct. 2459 (2014). In deciding a motion under Rule 12(b)(6), a court takes as true the factual allegations found in the complaint. *See In re Lake Charles Retail Dev. Co.*, 2014 WL 4948234, at *1 n.2 (Bankr. E.D.N.Y. Sept. 30, 2014).

Defendant Greenberg moves to dismiss the Complaint pursuant to Rule 12(b)(6). First, Greenberg argues that Buckskin has failed to allege facts demonstrating that Greenberg's legal services were negligent or defective. Second, Greenberg argues that Buckskin has failed to

demonstrate proximate causation—that, had the proffered arguments actually been included in the Motion to Vacate, Buckskin would have succeeded in vacating the default judgment and prevailed in the underlying foreclosure action.

## DISCUSSION

### 1. Buckskin Fails to State a Claim that Greenberg Committed Legal Malpractice

Buckskin's first four causes of action allege that Greenberg committed various acts of legal malpractice. According to Buckskin, Greenberg committed malpractice by failing to argue in State Court that (1) the State Court lacked subject matter jurisdiction over the action because the Board of Directors of the WHA (the "Board") lacked legal existence; (2) the Board could not proceed with foreclosure pursuant to New York's Real Property and Proceedings Law ("RPAPL") § 339 because it was not registered as a condominium; (3) the Declaration did not permit the WHA to file the NOLs for overdue assessments; and (4) the foreclosing attorneys, Allyson Phillips and Young/Sommer LLC, were liable for treble damages under New York's Judiciary Law § 487. As set forth below, each of these causes of action fails to state a claim for legal malpractice. The fifth cause of action seeks an accounting and refund of all fees paid to Greenberg, and fails because it rests on the first four causes of action.

### a. Buckskin Fails to Adequately Plead that Greenberg's Representation Fell Below the Standard of Care

In New York, a plaintiff seeking to recover damages for legal malpractice must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages. *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 867 N.E.2d 385, 387 (N.Y. 2007) (citing *McCoy v. Feinman*, 511 N.E.2d 1126 (N.Y. 2002)). However, "an attorney is not held to the rule of

infallibility and is not liable for an honest mistake of judgment where the proper course is open to reasonable doubt." *Lewis v. Desmond*, 589 N.Y.S.2d 678, 679 (App. Div. 3d Dep't 1992). Accordingly, the choice "of one among several reasonable courses of action does not constitute malpractice." *Zarin v. Reid & Priest*, 585 N.Y.S.2d 379, 381 (App. Div. 1st Dep't 1992) (quoting *Bernstein v. Oppenheim & co., P.C.*, 554 N.Y.S.2d 487 (App. Div. 1st Dep't 1990)). Therefore, claims amounting only to a criticism of counsel's strategy are insufficient to survive a motion to dismiss. *Dweck Law Firm, LLP v. Mann*, 727 N.Y.S.2d 58, 58–59 (App. Div. 1st Dep't 2001). Similarly, conclusory legal arguments and allegations contradicted by documentation do not suffice. *Id.*; *see also Boone v. Bender*, 74 A.D.3d 1111, 1113 (granting defendant attorneys summary judgment in a malpractice case when defendants showed a reasonable exercise of judgment in pursuing a settlement and dismissing plaintiff's allegations—that defendants did not zealously advocate on her behalf—as "speculative and conclusory").

Regarding the first cause of action, Buckskin alleges that Greenberg should have argued that the Board had no legal existence and that it was a "non-existent entity concocted by the WHA so as to unlawfully file NOLs under RPL 339 and foreclose judgment to enforce them." Compl., ECF No. 1, ¶ 34. The plaintiff's non-existence, according to the first cause of action, deprived the State Court of subject matter jurisdiction over the foreclosure action. Compl. ¶¶ 38–39, ECF No. 1. In its supplemental papers, Buckskin argues that this attack on jurisdiction would have absolved it of any responsibility to present a reasonable excuse for its default or a meritorious defense, both of which are required in a motion to vacate a default judgment. Opp'n to Mot. to Dismiss, ECF No. 34; *see* N.Y. C.P.L.R. 5015(a)(1).[4]

---

[4] Buckskin's supplemental brief further argues that CPLR 5015(4) and 3215 mandate *vacatur* of the foreclosure judgment, and that Greenberg should have presented these arguments in State Court. Supp. Brief, ECF No. 37-5. The brief also asks this Court to vacate the foreclosure judgment. *Id.* This Court has previously determined that it does not have jurisdiction to vacate the foreclosure judgment. *See In re Buckskin Realty, Inc.*, 2016 WL 5360750, at

Greenberg's failure to make this argument was not negligent. Buckskin's first cause of action proffers "conclusory legal arguments" that "amount only to a criticism" of Greenberg's strategy. *See Mann*, 727 N.Y.S.2d at 58. Greenberg might have determined that the argument outlined in the first cause of action was not the best approach, because it would have required Buckskin to show that it did not waive its right to seek dismissal pursuant to CPLR 3211(a)(3) and (e), which require that an objection to the plaintiff's capacity to sue be raised in a pre-answer motion or an answer.[5] *See Rainbow Hosp. Mgmt., Inc. v. Mesch Eng'g, P.C.*, 705 N.Y.S.2d 765, 766 (App. Div. 4th Dep't 2000). This argument also would have required Buckskin to convince the State Court that the Board did not have the authority to file the NOLs or to foreclose pursuant to RPAPL § 339 or its bylaws and Declaration. This may have been difficult—Buckskin acknowledges that the Declaration is a contract it entered into with the WHA. Compl. ¶ 13, ECF No. 1. The Declaration at Section 5.08 provides that a "lien for past due assessments may be foreclosed by the Association in accordance with the laws of the state of New York, in like manner as a mortgage on real property." Mot. to Dismiss, Adv. Pro. No. 15-01004, ECF No. 15-3. Greenberg might reasonably have concluded that the arguments posed were more likely to succeed.[6] Given these obstacles, Buckskin's position that its arguments would have led to a more

---

*4–5 (ruling that *Rooker-Feldman* prohibits a federal court from vacating a state court judgment even when the federal plaintiff argues that the state court plaintiff lacked standing, that the state court lacked jurisdiction, or that the judgment is otherwise void).

[5] Buckskin argues that the State Court lacked subject matter jurisdiction because the Board, as plaintiff, was a nonexistent entity. ECF No. 37-5. Buckskin may be conflating the concepts of subject matter jurisdiction and legal capacity to sue. Nevertheless, if Buckskin believes it has a strong case, one might ask why it has not acted to prosecute the appeal in State Court. A lack of subject matter jurisdiction is not waivable and may be raised at any time. *Fin. Indus. Regulatory Auth., Inc., v. Fiero*, 882 N.E.2d 879, 881 (N.Y. 2008). Furthermore, the New York Court of Appeals has ruled that "prior to commencing a legal malpractice action, a party who is likely to succeed on appeal of the underlying action should be required to press an appeal." *Grace v. Law*, 21 N.E.3d 995, 998 (N.Y. 2014).

[6] Greenberg's core arguments in the Motion to Vacate were that (1) the State Court's inherent authority allowed it to vacate the default judgment; (2) good faith settlement negotiations and Olsen's pro se status excused Buckskin's

favorable outcome is speculative at best, and Greenberg was acting reasonably if he chose not to pursue them. *See id.*

Buckskin's second, third, and fourth causes of action also fail to adequately plead that Greenberg's representation was negligent. Its second and third causes of action contend, respectively, that Greenberg should have argued that Buckskin could not proceed under RPAPL § 339 because it was not a registered condominium and that the Declaration did not permit the WHA to file the NOLs. Compl., ECF No. 1, ¶ 62. The language of the State Court's 5/31 Decision and Order indicates that the State Court considered the issues that Buckskin raises:

> Plaintiff is the governing body of the homeowners' association . . . Plaintiff acts pursuant to the By-Laws of the Windmont Homeowners' Association . . . and a Declaration of Covenants . . . Through this authority, plaintiff levies assessments for common charges and association expenses.

5/31 Decision & Order, ECF No. 18-1.

The quoted language undercuts each of these causes of action. It suggests that the State Court accepted that the Board could act on behalf of the WHA and that the Declaration and bylaws permitted the WHA to levy assessments for common charges. In addition, Olsen had previously attacked the WHA's right to levy assessments on Buckskin in his State Court motion, but the State Court nevertheless determined that the WHA had "duly levied upon the two lots titled to the defendant and said assessments have not been paid since at least March 2004," and that "nothing in Olsen's submissions demonstrate[d] a reasonable excuse for Buckskin's default." Mot. to Dismiss, Adv. Pro. No. 15-01004, ECF No. 15-5. In light of the 5/31 Decision and Order, Greenberg might reasonably have determined that the arguments stated in the second and third causes of action would not have succeeded.

---

default; (3) Buckskin had meritorious defenses; and (4) the WHA failed to provide sufficient proof of its claim pursuant to CPLR 3215(f). ECF No. 18-3.

The quoted language also runs counter to the argument stated in the fourth cause of action, which states that Greenberg should have explored the application of N.Y. Judiciary Law § 487. This cause of action alleges that the WHA's state court counsel deceitfully used the Board as plaintiff in order to avail itself of RPAPL § 339, which provides for foreclosures by condominiums, and alleges that Greenberg should have explored whether Judiciary Law § 487 would have allowed Buckskin to obtain treble damages from the WHA's attorneys on account of this alleged deceit. Section 487 claims require a high standard of proof, and "relief under the statute is not lightly given." *Chowaiki & Co. Fine Art Ltd. v. Lacher*, 982 N.Y.S.2d 474, 474 (App. Div. 1st Dep't 2014). Further, Buckskin likely would have had to persuade the State Court that the Declaration and bylaws did not grant the WHA authority to foreclose other than pursuant to RPAPL § 339, because if the Declaration and bylaws provided such authority, there would have been no reason for this alleged deceit.

At the very least, the above indicates that Greenberg's approach was "one among several reasonable courses of action," and therefore did not constitute malpractice. *See Zarin*, 585 N.Y.S.2d at 381. Greenberg presented several arguments as to why Buckskin's default was excusable, including Buckskin's pro se status and Olsen's good faith efforts to settle; and outlined what he apparently believed to be meritorious defenses, including statute of limitations, and that the NOLs were invalid. Aff. in Supp. of Mot. to Dismiss, ECF No. 18-3. That Greenberg would have posed these arguments rather than those presented in the Complaint does not show that Greenberg "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession." *See Rudolf*, 867 N.E.2d at 387. Buckskin therefore fails to plead the necessary first element of legal malpractice.

### b. Buckskin Fails to Demonstrate that Greenberg's Alleged Legal Malpractice Proximately Caused Its Damages

Even if Buckskin had adequately pleaded that Greenberg's representation was negligent, its claims would fail due to Buckskin's failure to sufficiently plead that Greenberg's alleged malpractice proximately caused its injuries. To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the lawyer's negligence. *Rudolf*, 867 N.E.2d at 387. For malpractice claims based on attorney negligence, "plaintiffs must demonstrate not that they might have been successful in the underlying action, but that they probably would have been successful." 15 Lee S. Kreindler et al., New York Practice Series: New York Law of Torts § 13:34 (2016) (citing *Raphael v. Clune, White & Nelson*, 607 N.Y.S.2d 734 (App. Div. 2d Dep't 1994)).

Here, to establish that Greenberg's representation proximately caused its alleged injuries, Buckskin must demonstrate that, had Greenberg proffered in State Court the arguments outlined in the Complaint, it would have prevailed in its Motion to Vacate and in the underlying foreclosure.

With respect to Buckskin's first cause of action, Buckskin has not shown that the proffered argument would have changed the outcome of the Motion to Vacate or the foreclosure action. As outlined above, Buckskin would have had to argue that it failed to waive any objection to the Board's capacity to sue, and that the Board could not file the NOLs or foreclose pursuant to RPAPL § 339 *or* its Declaration and bylaws, despite the language of the 5/31 Decision and Order.

Nor has Buckskin shown that the arguments presented in its second, third, or fourth causes of action would have changed the result of the motion to vacate or the underlying

foreclosure. In New York, vacating a default judgment requires the plaintiff to show "a reasonable excuse for the default and a potentially meritorious defense to the action." *U.S. Bank Nat'l Assoc. v. Stewart*, 948 N.Y.S.2d 411, 411 (App. Div. 2d Dep't 2012); *see also* N.Y. C.P.L.R. 5015(a)(1). Accordingly, Buckskin must first show that its arguments would have overcome the State Court's determination that Buckskin provided no reasonable excuse for its default and second, a meritorious defense.

The second, third, and fourth causes of action utterly fail to address this first step—that Buckskin had a reasonable excuse for its default. Instead, they all relate to the meritorious defense element, which was not the basis for the State Court's ruling. Because the State Court based its ruling on Buckskin's failure to provide a reasonable excuse for its default and not on the merits of Buckskin's arguments,[7] it is illogical to assume that the outcome would have been different had Greenberg asserted different arguments regarding the merits.

Buckskin's fifth cause of action relies on the malpractice causes of action outlined in the first four causes of action. Because the Court has determined that the first four causes of action fail to state a claim for malpractice, the fifth cause of action is dismissed.

Buckskin has therefore failed to plead facts sufficient to show that Greenberg's representation was below the standard of care or that it proximately caused Buckskin's alleged damages. Accordingly, the Complaint is dismissed.

---

[7] "Even if defendant were not foreclosed from relitigating [the reasonable excuse for default] issue under the principles of collateral estoppel, the Court would nonetheless again conclude that defendant has failed to demonstrate a reasonable excuse for its initial default . . . Given defendant's failure to demonstrate a reasonable excuse for defaulting . . . it is unnecessary to consider whether defendant possesses a meritorious defense." *See* 11/29 Decision & Order, ECF No. 18-4.

## CONCLUSION

For the reasons stated above, the Complaint is dismissed. A separate order will issue.



Dated: April 1, 2017
      Brooklyn, New York

**Nancy Hershey Lord**
**United States Bankruptcy Judge**