UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

Buckskin Realty Inc.,

                   Debtor.

Chapter 11
Case No. 1-13-40083-nhl

-------------------------------------------------------------x
Buckskin Realty Inc.,

                   Plaintiff,

    v.

Mark D. Greenberg, *an individual* and
Greenberg and Greenberg, *a partnership*,

                   Defendants.

Adv. Pro. No. 1-15-01203-nhl

-------------------------------------------------------------x

## OPINION AND ORDER ON MOTION FOR RECONSIDERION

Appearances:

Frederick Cains, Esq.
430 East 86th Street
New York, New York 10028
*Attorney for Plaintiff*

Izabell Lemkhen
Furman Kornfeld & Brennan LLP
61 Broadway
26th Floor
New York, NY 10006
*Attorney for Defendants*

Rey Olsen
41-26 27th Street
Long Island City, New York 11101
*Interested Party Appearing Pro Se*

NANCY HERSHEY LORD
UNITED STATES BANKRUPTCY JUDGE

Before the Court is the Motion for Reconsideration (the "Motion") filed by plaintiff Buckskin Realty, Inc. ("Buckskin"). Mot., ECF No. 53-1. The Motion seeks an order, pursuant to Federal Rule of Civil Procedure 59(e), altering the order (the "Order"), ECF No. 52, and underlying decision (the "Decision"), ECF No. 50, that dismissed Buckskin's complaint (the "Complaint") in this adversary pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion asserts that the Decision misconstrued or otherwise overlooked certain legal arguments that Buckskin alleges defendants Greenberg & Greenberg and Mark D. Greenberg (together, "Greenberg") should have raised before the State Court,[1] and, as a result, erroneously found that Buckskin failed to state a claim for legal malpractice.

The Court agrees with Buckskin that those arguments were not, and should have been, considered. Nevertheless, upon full consideration and analysis, they do not rescue Buckskin's malpractice claim, and thus the Court declines to disturb the Decision.

## Jurisdiction

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Background

A familiarity with the underlying facts alleged in Buckskin's Complaint is assumed.[2] On those facts, the Complaint pleads five causes of action against Greenberg, four of which allege that Greenberg committed legal malpractice by failing to raise certain legal arguments in the

---

[1]   Capitalized terms used but not defined herein are given the meaning ascribed to them in the Decision. *See* Decision, ECF No. 50.
[2]   These facts are detailed in the Decision. Decision 1–5, ECF No. 50.

2

Motion to Vacate that, if raised, would have necessarily led to vacatur of the foreclosure judgment. *See* Compl. 5–10, ECF No. 1. Relevant here is the first: that Greenberg committed malpractice by failing to raise that the State Court lacked subject matter jurisdiction because the named plaintiff in the foreclosure action, "the Board of Directors of Windmont Homeowners' Association" (the "Board"), is a non-existent entity, and not the real party in interest, the Windmont Homeowners' Association ("Windmont"). *Id.* at 5–6.

Greenberg filed a motion to dismiss Buckskin's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Dismissal Motion"), ECF No. 16, which this Court granted in full. The Decision dismissed Buckskin's four malpractice causes of action on the ground that a failure to raise the particular arguments in question was not negligent, but rather a selection of "one among several reasonable courses of action," and therefore could not constitute a basis for malpractice. Decision 7, ECF No. 50 (citing *Zarin v. Reid & Priest*, 585 N.Y.S.2d 379, 381 (App. Div. 1st Dep't 1992)). With respect to the first cause of action, the Court noted that arguing that the Board was a non-existent entity might have been a less desirable course of action, as it "would have required Buckskin to show that it did not waive its right to seek dismissal pursuant to [N.Y. C.P.L.R.] 3211(a)(3)." Decision 8, ECF No. 50. The Court also found that a failure to raise the argument could not have been the proximate cause of Buckskin's failure to vacate the foreclosure judgment because it ignored the fact that Buckskin would still have to "show a reasonable excuse for the default" under N.Y. C.P.L.R. ("CPLR") 5015(a)(1). *Id.* at 12.

On April 25, 2017, exactly fourteen days after the entry of the Order granting the Dismissal Motion, Buckskin filed the instant Motion. The Court held a hearing (the "Hearing") on the Motion, *see* ECF No. 61, after Greenberg had an opportunity to file opposition, ECF No.

54, and Buckskin an opportunity to reply, ECF No. 56. After the Hearing, Buckskin was permitted to file supplemental papers directing the Court to where in the record it had raised certain arguments addressed in the Motion. *See* ECF Nos. 58, 59, 60.

## Discussion

*Reconsideration Under Federal Rule of Civil Procedure 59*

Rule 59 permits a party to make a motion "to alter or amend a judgment," Fed. R. Civ. P. 59(e),[3] and is properly invoked only where: (1) there is an intervening change of controlling law; (2) new evidence becomes available; or (3) there is a need to correct a clear error or prevent manifest injustice, *In re Hassan*, 527 B.R. 97, 100 (Bankr. E.D.N.Y. 2015) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992), *cert. denied*, 506 U.S. 820 (1992)); *In re CPJFK, LLC*, 496 B.R. 65, 67 (Bankr. E.D.N.Y. 2011) (quoting *United States v. Sessa*, Nos. 92-CR-351(ARR), 97-CV-2079(ARR), 2011 WL 867175, at *1 (E.D.N.Y. Mar. 8, 2011)).

The standard under Rule 59 is strict; under the "clear error" basis, raised here, reconsideration will generally be denied unless a party can show that a court "overlooked controlling decisions or factual matters that were put before [it] on the underlying motion." *Lichtenbrg v. Besicorp Gr. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (quoting *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y. 1993), *aff'd sub nom. Fulani v. Bentsen*, 35 F.3d 49 (2d Cir. 1994));

---

[3] Federal Rule of Civil Procedure 59, made applicable here through Federal Rule of Bankruptcy Procedure 9023, provides:

> Except as provided in this rule and Rule 3008, Rule 59 F. R. Civ. P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

Fed. R. Bankr. P. 9023.

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "In order to have been 'overlooked,' the decisions or data in question must have been 'put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Henderson v. City of New York*, No. 05–CV–2588 (FB)(CLP), 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) (quoting *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)). This standard prohibits use of the Rule as a means to "repeat[] old arguments previously rejected," or to "mak[e] new arguments that could have been previously advanced." *CPJFK*, 496 B.R. at 67 (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)); *see also Gem Fin. Serv., Inc. v. City of New York*, No. 13-CV-1686(MKB), 2015 WL 1475853, at *2 (E.D.N.Y. Mar. 31, 2015).

*Buckskin's Arguments in Favor of Reconsideration*

Buckskin argues that the Court overlooked the actual factual and legal basis for its first cause of action by construing that basis as an argument about legal capacity that needed to be raised under CPLR 3211(a)(3) and 5015(a)(1). According to Buckskin, the claim it believes Greenberg should have raised was not that the Board lacked capacity to sue, but instead that, because the Board does not exist, and is not among the types of entities that may maintain a cause of action in New York, the State Court lacked subject matter jurisdiction over the foreclosure action. *See* Mot. 3–10, ECF No. 53-1. Unlike the capacity argument, this subject matter jurisdiction argument could have been raised under CPLR 5015(a)(4) and 3211(a)(7), and therefore, according to Buckskin, would "not require a reasonable excuse for defaulting or a meritorious defense as a predicate to moving for vacatur of a default judgment."[4] *Id.* at 3.

---

[4]    Addressing a similar aspect of subject matter jurisdiction in a footnote, the Decision noted that the issue "is not waivable and may be raised at any time." Decision 8 n.5, ECF No. 50 (citing *Fin. Indus. Regulatory Auth., Inc. v. Fiero*, 882 N.E.2d 879, 881 (N.Y. 2008)). Given this availability, the Decision went on to question why Buckskin had not pressed an appeal on subject matter jurisdiction, and why its failure to do so would not undermine its

5

Buckskin also asserts that the same is true of its argument based on CPLR 3215(b), and that this is another legal basis for vacating the foreclosure that the Court overlooked. *See id.* at 12; Supp. Letter, ECF No. 58. This provision prohibits a default judgment for an amount that exceeds the amount demanded in the complaint and, according to Buckskin, is a jurisdictional impediment that may be raised under CPLR 5015(a)(4). Mot. 12, ECF No. 53-1. Buckskin believes that Greenberg committed malpractice in not raising this dispositive argument after seeing that the foreclosure judgment amount exceeded the demand in the complaint by almost $40,000. *Id.*

Buckskin's argument regarding the Board's existence would have been more appropriately construed as a challenge to the State Court's subject matter jurisdiction under CPLR 5015(a)(4). Though neither the Complaint nor Buckskin's opposition to the Dismissal Motion mention this provision, that Buckskin was relying on 5015(a)(4) was made apparent in its supplemental brief (the "Supplemental Brief").[5] *See* Supp. Brief, ECF No. 37. Similarly, Buckskin's argument grounded in CPLR 3215(b) was also raised for the first time in its

---

malpractice claim. *Id.* (citing *Grace v. Law*, 21 N.E.3d 995, 998 (N.Y. 2014)). The same reasoning applies here, if not with even greater force.

[5] The Court addressed CPLR 5015(a)(4) in footnote 4 of the Decision. There, responding to Buckskin's assertion in the Supplemental Brief that "[a] request to vacate under CPLR 5015(4) [sic] is always timely and must be granted now, collaterally, under this Court's supplementary jurisdiction as a matter of law not involving the exercise of discretion," Supp. Brief 5, ECF No. 37, the Court noted only that the *Rooker-Feldman* doctrine prevented it from vacating the foreclosure judgment, Decision 7 n.4, ECF No. 50. The Court did not address the balance of the arguments in the Supplemental Brief, an error it now seeks to correct here. That being said, contrary to Buckskin's assertion that CPLR 3211(a)(7) was brought to the Court's attention in the Supplemental Brief, *see* Mot. 9, ECF No. 53-1 ("CPLP 5015(a)(4) or CPLR 3211(a)(7) are not referenced in the Decision although these statutes were brought to the Court's attention. ECF 37, pp. 3–5."), that brief does not contain a single reference to CPLR 3211(a)(7). Nor, for that matter, does any other document filed in advance of the entry of the Decision. Accordingly, CPLR 3211(a)(7) will not be addressed here, as a novel argument cannot serve as the basis for reconsideration under Rule 59. *See CPJFK, 496 B.R. at* 67. Yet, even if it were appropriate to consider, for the reasons that will be discussed related to CPLR 5015(a)(4), it still would not alter the Decision's outcome.

Supplemental Brief.[6] *See* Supp. Brief 8–9, ECF No. 37. As each of these was put before the Court but not substantively considered, they should be reviewed here to determine if they were "overlooked" in the relevant sense—that is, if they would have "reasonably altered the result before the [C]ourt." *Henderson*, 2011 WL 5513228, at *1.

*Analysis*

As stated in the Decision, a prima facie cause of action for legal malpractice requires allegations showing "that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual or ascertainable damages." Decision 6, ECF No. 50 (quoting *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, N.E.2d 385, 387 (N.Y. 2007)). Allegations amounting to an attorney's having chosen "one among several reasonable courses of action does not constitute malpractice." *Id.* at 7 (quoting *Zarin*, 585 N.Y.S.2d at 381). In other words, the outcome reached in the Decision would change only if it

---

[6] Greenberg has disputed whether CPLR 3215(b) was properly put before the Court, and, in turn, whether it is properly considered here. *See* Letter, ECF No. 59. Greenberg asserts that the only reference to CPLR 3215(b) appears in the Supplemental Brief, but that this reference was "entirely outside the scope" of the purpose for which that brief was requested. *Id.* That purpose, Greenberg claims, was to add caselaw to the record substantiating Buckskin's assertion that it could not appeal the 11/29 Decision and Order that denied the Motion to Vacate, and a discussion of CPLR 3215(b) does not fit within that description. *Id.*

Buckskin, for its part, argues that raising the provision was entirely within the scope of the Court's direction. Rep. Letter, ECF No. 60. It points to the Court's comment that Buckskin can include materials from the other adversary proceeding in the supplemental filing. June Tr. 33, ECF No. 45.

Acknowledging that there was some ambiguity in the direction provided, the Court will afford Buckskin the benefit of the doubt and consider its CPRL 3215(b) argument here. It is worth noting, however, that regardless of whether it was the Court's intention to permit Buckskin to include this sort of additional argument, it was not its intent to let Buckskin do so while disregarding applicable pleading procedures. If the Court were to find that CPRL 3215(b) could serve as the basis of a prima facie legal malpractice action, Buckskin would have to seek leave of this Court to amend its Complaint to conform to that finding. By including an argument about CPLR 3215(b) in the Supplemental Brief, Buckskin was operating entirely outside of the Complaint's allegations, which include neither that provision nor the amounts demanded in the foreclosure complaint and awarded in the judgment. *See* Compl. ECF No. 1. That being the case, the facts and law provided by the Supplemental Brief relating to CPRL 3215(b) could not have afforded the Court a reason to find that the Complaint stated a prima facie case on those grounds. By relying on this argument, it was incumbent upon Buckskin to seek leave to amend the Complaint accordingly. *See* Fed. R. Bankr. P. 7015 (incorporating Fed. R. Civ. P. 15). Nevertheless, as amendment could have been sought, the argument may still be considered.

were unreasonable for Greenberg to pursue a course of action other than those recommended by Buckskin here.

This is not the case for the challenge to subject matter jurisdiction under CPLR 5015(a)(4).[7] Because Greenberg moved under CPLR 5015(a)(1) he was required to show "a reasonable excuse" for Buckskin's default. *U.S. Bank Nat'l Assoc. v. Stewart*, N.Y.S.2d 411, 411 (App. Div. 2d Dep't 2012); *see* Compl. 5, ECF No. 1. While moving under subsection (a)(4) would have avoided this requirement and allowed Greenberg to move right to the merits, *see Roberts v. Anka*, 846 N.Y.S.2d 280, 280 (App. Div. 2d Dep't 2007), it would not have made the case on the merits any easier. As the Decision noted, the argument that the Board did not exist was directly contrary to the State Court's findings about the Board's valid actions under the Declaration and its ability to act on behalf of Windmont. *See* Decision 9, ECF No. 50. In the face of such an adverse finding, Greenberg's alternate course of action in no way appears unreasonable.

Furthermore, that language notwithstanding, the merits of the "non-existence" argument are less certain than Buckskin has asserted. Despite repeated claims that the Board has no legal existence*, see e.g.*, Compl. 5, ECF No. 1, the Court is not required to accept as true the legal

---

[7] CPLR 5015 provides:

> (a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:
> 1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry; or
> 2. newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial under section 4404; or
> 3. fraud, misrepresentation, or other misconduct of an adverse party; or
> 4. lack of jurisdiction to render the judgment or order; or
> 5. reversal, modification or vacatur of a prior judgment or order upon which it is based.

N.Y. C.P.L.R. 5015.

consequences of this fact. That is, it is not required to accept Buckskin's equally often repeated claim that the Board's "non-existence" would mandate vacatur of the foreclosure judgment. *See, e.g.*, Supp. Brief, ECF No. 37. And, indeed, it does not appear that it would. The cases that Buckskin brings to the Court's attention regarding a court's lack of jurisdiction based on a corporation's "non-existence" deal exclusively with corporations that have commenced actions after ceasing operations. *See, e.g.*, *IndyMac Fed. Bankr. FSB v. Meisels*, 961 N.Y.S.2d 358 (Sup. Ct. Kings Cty. 2012). On the facts presented, however, the Board's status is different. While Buckskin has alleged that, like a dissolved corporation, the Board is not registered and therefore does not "exist," there is no allegation that the Board is not the board of Windmont, an active homeowners' association. *See* Compl. 5–8, ECF No. 1. That being so, changing the caption of the foreclosure action to include Windmont instead of the Board would not be a substantive change, but merely a technical one. No substitution of parties would be required. Where such technical issues with pleadings arise that in and of themselves are not prejudicial to parties, New York courts may apply either CPLR 2001 or 5019(a) to either disregard or amend that error. *See HSBC Bank USA v. Dalessio*, 27 N.Y.S.3d 192, 195 (App. Div. 2d Dep't 2009) ("CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced, and CPLR 5019(a) gives trial and appellate courts the discretion to cure mistakes, defects, and irregularities that do not affect substantial rights of parties." (citations omitted)); *see also Bank of Havana v. Magee*, 20 N.Y. 355, 361 (1859) (holding that a judgment was not a nullity due to an incorrectly named plaintiff where "the nature of the litigation is not changed [by the name], and where the name used fails, for technical reasons only, adequately to represent the party seeking redress").

Of course, neither that outcome nor the one envisioned by Buckskin is certain. But precisely because this is the case, Greenberg was not negligent in pursuing another, similarly less certain course of action, and therefore could not have committed malpractice by failing to pursue or raise the "non-existence" theory under CPLR 5015(a)(4).

The same is true with respect to Buckskin's argument under CPLR 3215(b), which it asserts that Greenberg should have raised in a motion under CPLR 5015(a)(4). Subsection (b) of CPLR 3215 provides guidelines for damage awards arising in the context of a default judgment; it provides, in relevant part, that a default judgment "shall not exceed in amount or differ in type from that demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305." N.Y. C.P.L.R. 3215(b). Buckskin alleges in its Supplemental Brief that the foreclosure judgment ran afoul of this limitation because the complaint demanded only $27,781.26, while the judgment awarded $56,594.21, and that this error, if raised by Greenberg, would have required that the default judgment be vacated. *Id.* However, a review of the foreclosure complaint and judgment show that the matter is not as clear cut.

The foreclosure complaint shows that $27,781.26 was not the demand, but rather the amount alleged to be due through July of 2011. St. Ct. Compl. 6, ECF No. 37-2. The demand, in turn, was not for the amount due only through that date, but instead for "the total amount of unpaid assessments due and owing on Lot 15 and Lot 16, together with interest to the time of such payment plus reasonable attorney's fees." *Id.* at 8. Seemingly consistent with that language, the foreclosure judgment awarded $56,594.21 based on a referee's report that calculated the amount due through July of 2012—a year after the calculation found in the complaint.

Faced with those facts, Greenberg could have argued that there was an inconsistency between the demand for "the total amount of unpaid assessments" and the judgment's calculation

10

of that amount. But, given the resistance that this sort of argument might have met, Greenberg's failure to raise the argument, and decision to proceed with an alternate course of action, was not unreasonable.

## Conclusion

For the reasons stated above, Buckskin's Motion pursuant to Rule 59 is denied, and the Decision and Order shall remain undisturbed.

**IT IS SO ORDERED.**



Dated: January 11, 2018
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge